IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN NICHOLAS HAYNES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-1051-SMY |
| | ) |
| THOMAS LILLARD, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Ryan Nicholas Haynes' Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Specifically, in his Petition, Haynes challenges his "High" classification based on BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"). The Government responded in opposition to the Petition (Doc. 11), and Haynes filed a Reply (Doc. 14). For the following reasons, the Petition will be **DENIED**.

**Factual and Procedural Background**

Haynes is a federal prisoner who is incarcerated at FCI-Greenville, within the Southern District of Illinois. On March 13, 2019, Haynes was sentenced to 120 months in prison and three years of supervised release, after having been convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Haynes*, No. 4:18-cr-00152-001, Doc. 106 (S.D. Iowa). According to the BOP website, his projected release date is April 13, 2027.

BOP classified Haynes as "High" risk based on BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"). BOP assessed a total score of 63, including 5 points attributed to "Violent Offense" for his conviction for felon in possession of a firearm, 21 points for "current age," 40 points for "criminal history points," and additional points for serious incident reports while in prison and a "history of violence" (Doc. 11-1, p. 25). As explained by the BOP Case Manager at FCI-Greenville, "Pursuant to BOP Program Statement 5162.05, Categorization of Offenses, any conviction for an offense listed under Section 922(g) for Title 18 is categorized as a crime of violence in all cases. Five points are added to the PATTERN score of inmates who have a conviction for a crime of violence" (Doc. 11-1, p. 3 at ¶ 7).

Citing *United States v. Stinson*, 508 U.S. 36 (1993), Haynes argues that the BOP erroneously classified his conviction for Felon in Possession of a Firearm as a "crime of violence," which resulted in a finding of high recidivism that rendered him ineligible for certain time credits and consequently, early release under the First Step Act ("FSA").

## Discussion

A federal inmate may challenge the application of potential sentence credits in the calculation of his sentence in a § 2241 petition. *Setser v. United States,* 566 U.S. 231, 244 (2012). But a prisoner has "no constitutional or inherent right" in being released before the completion of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If a relevant statute places no "substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

The FSA delegates to the Attorney General the authority to develop "a risk and needs assessment system" in order to "determine the recidivism risk of each prisoner as part of the intake process, and classify each prisoner as having minimum, low, medium, or high risk for recidivism." 18 U.S.C. § 3632(a)(1). This assessment system is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. See 28 U.S.C. §3632(a).

To be eligible for FSA early release, an inmate must "[have] shown through the periodic risk reassessments a demonstrated recidivism risk reduction or [have] maintained a minimum or low recidivism risk [during imprisonment]." 18 U.S.C. § 3624(g)(1)(B); see 28 C.F.R. § 523.44(b). For placement in prerelease custody, Section 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or that the Warden specifically approved the placement. 18 U.S.C. §3624(g)(1)(D)(i). Likewise, for early transfer to supervised release, §3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment." 18 U.S.C. § 3624(g)(1)(D)(ii).

Because the FSA gives the Attorney General official discretion in assessing inmates' recidivism risk level under PATTERN and to classify felon in possession of a firearm as a

"violent crime," Haynes has no constitutionally protected liberty interest that is cognizable in this Petition. *Olim*, 461 U.S. at 249. See also, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (federal inmates have no constitutional or inherent right for a particular security or custody classification). FSA credits are contingent on numerous factors, including PATTERN scores; they are not statutorily mandated. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) (time credits create a liberty interest when they are statutorily mandated). Similarly, the FSA and the PATTERN scores merely create an opportunity to earn credit toward the satisfaction of a sentence, which does not create a protected liberty interest. 18 U.S.C. § 3632(a)(5)(A) ("all prisoners at each risk level have a meaningful opportunity to reduce their classification [and participate in programs]").[1]

## Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Haynes wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no

---

[1] While the Seventh Circuit has not addressed whether inmates may challenge the BOP's PATTERN categories in § 2241 petitions, this Court finds persuasive authority from other jurisdictions. See, *Newell v. Fikes*, 2023 WL 2543092, at *3, report and recommendation, (S.D. Ga. Feb. 21, 2023), adopted by, 2023 WL 2541126 (S.D. Ga. Mar. 16, 2023); *Prince v. Fikes*, 2021 WL 2942311, at *3 (D. Minn. June 16, 2021) ("federal prisoners have no constitutional or inherent right to receive a particular security or custody classification," including a "recidivism risk level"), adopted in part, 2021 WL 2936656, at *1 (D. Minn. July 13, 2021).

more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. A Rule 60 motion for relief from a final judgment does not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues that Haynes plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Haynes chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months), irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**
**DATED: October 10, 2023**

**STACI M. YANDLE**
**United States District Judge**